We have Mr. Bachrach arguing for the appellant and I see you reserved two minutes for rebuttal. You can proceed whenever you're ready. Thank you, Your Honor. Good morning, Your Honor, Judge Nathan, Judge Bianco, Judge Carney, and it's good to be before you all again. As you stated, I represent Joseph Davila in this appeal. This appeal presents two fairly straightforward issues. The first one, the parties actually agree upon, which is a pleasant surprise in criminal appeals. The parties both agree that remand for resentencing is required to at the very least correct the judgment, which has a discrepancy between the oral pronouncement of sentence and the written pronouncements and the written sentence. While only a two month discrepancy under United States v. Carr, remand is required for that correction. And that makes sense because as the Supreme Court has long held, even one day in jail that's not justly and justly sentenced for is prejudice. And here you have two months of prejudice. And so that really does need to be corrected. The second issue, which admittedly is a harder road for an appellant to travel, is whether or not this case was substantively unreasonable, whether the sentence was substantively unreasonable. You know, the defendant requested a sentence of 60 months minus five months credit that wasn't otherwise going to be applied to him from a state sentence. The government saw the guideline sentence and the court kind of went in the middle, so at 106 months. Again, it's a high road. If I may, Your Honors, there was something from one of the early arguments that I think creates a good parallel here. So I thought I would just raise it as an analogy. I was thinking in my head how Anthony Bourdain would be rolling over in his grave at the idea that food does not tell a story. Of course, food tells a story. Every ingredient is another 3553A factor. Videos tell stories, too. Yes, they do. Every ingredient, every segment of a video, it's another 3553A factor. But your argument, Mr. Cockrock, I have to admit, is an unusual one. Here we have very clear evidence for the sentencing judge to look at to help assess the level of culpability of the crime, and you're arguing that that clarifying evidence is somehow prejudicial. We don't usually think of evidence of guilt as prejudice. It's just evidence of guilt, and here the video shows precisely what happened. That's good evidence, isn't it? I wish it was good. I mean, it's good evidence for the government, certainly. I wish it was good evidence for the defense. No, there's no question that the video evidence in this case shows a horrendous crime, and we don't dispute that at all. But what it also shows, and what the court seemed to miss, or at least seemed to not consider, was that the defendant was heavily impaired at the time. He was on ecstasy. He was high off of ecstasy and quite high, and that's clear from the video as well. And while the judge did commend the defendant for cleaning up his act in between 2019 and when the sentencing occurred in 2021, and maybe that cleaning up his act on his own was partially why he went down, the judge didn't seem to consider whatsoever the fact that it's not simply that he cleaned up his act, but when the crime occurred, that impairment was the reason for it. So the context of the crime, the entire concept of crime, isn't just the depravity but the reason. Even if someone is impaired, Mr. Bachrach, the crime could still be so serious that it warrants a substantial sentence. And in this case, the sentence was even still below the bottom end of the guidelines, and I thought it's interesting that the guidelines don't even take into account the, I think you even said it at the sentencing yourself, the humiliation and the cruel nature of the abuse, psychological and otherwise, that he suffered. The guideline didn't even, he got the lowest you can possibly get under the guideline, and this was yet below that range. So we would have to find this as a shockingly high sentence, and it's also the criminal history of your client. He had a loaded firearm in another conviction. How can we find a sentence that's shockingly high? Well, it was shockingly high to appellant, Your Honor. That certainly is the case. Well, let me ask you this. You were of any case, usually if something is shockingly high, there'd be other cases where judges have given less time for something like this. Forget about the severity of the abuse here, the psychological abuse, but do you have any cases in this circuit or anywhere else where for a kidnapping charge, 106 months, someone's gotten below 106 months. Are you aware of cases where judges have said, you know, this is a kidnapping because of some mitigating factors, I'm going to give less than 106 months? Well, every case is different, Your Honor. I'm not aware of a specific. I don't think. Your Honor, I'm not aware of a single example. I would agree with you there. I would say that every case, however, still has to be viewed on its individual means, and while the offense here was unquestionably, I'll even say gruesome, the videos are terrible, at the same time, Your Honor, it has to be within the context. And the context of the offense was that unlike other kidnappings where generally speaking, a person is kidnapped for gruesome reasons and non-impaired reasons, here, this defendant was substantially impaired. What about the fact that kidnapping was motivated by a robbery of another person the day before? That also wasn't even considered by the guidelines, right? Correct, Your Honor. All right. Thank you, Mr. Piper. Mr. Burnett, whenever you're ready. Thank you. Good morning, and may it please the Court. I'm Tom Burnett on behalf of the government. Judge Castell imposed a reasonable, below-guideline sentence in this case that appropriately accounted for the severity of the crime and the defendant's personal characteristics. The brutality of this crime warranted a significant term of imprisonment. The defendant committed a robbery, then turned around the next day and kidnapped one of his co-conspirators. Judge Castell appropriately credited and considered the video when considering that crime because that video showed the defendant's actions and showed his intent. It showed that he was a ringleader of the group and that he reveled in the cruelty that he and his co-conspirators inflicted, and it also showed that the defendant, who was on parole at the time of the offense, mocked the parole system during the crime, at one point turning to a camera and sarcastically saying to his parole officer that he should get 45 days in anger management. Judge Castell balanced those factors against the defendant's personal characteristics and arrived at a sentence that was certainly not shockingly high. On the point of drug use that Mr. Bacharach raised, I'd note that PSR paragraphs 66 to 69, Mr. Davila actually told the person who prepared the report that he had used marijuana in 2014 and 2015, but had not otherwise used drugs. There was no claim in the PSR, which there was no objection to, and which Judge Castell adopted, that Mr. Davila was on ecstasy at the time of the offense. That was something that was purely in the defense sentencing submission, and Judge Castell acted appropriately in relying on what was in the pre-sentence report when there was no objection. So impairment was argued, but the factual record was contrary to the conclusion that he was impaired? So the record of what Mr. Davila told the probation officer about his drug use was that he'd used marijuana in 2014 and 2015, had not otherwise used drugs. Then there was no objection to the adoption of that pre-sentence report, and there is a claim in the defense submission that Mr. Davila was on ecstasy at the time of the offense. The government pointed out that Mr. Davila had not said that in the pre-sentence report. I don't think Judge Castell rejected that because it wasn't in the PSR. In fact, when he was stating the reasons for his sentence and he went through the mitigating factors and said he considered the significant efforts that the defendant has made to clean himself up and stay clean and sober, which are commendable. So it appears that he accepted, notwithstanding the PSR, that he had some type of substance abuse issue and that he was considering that, right? He certainly accepted the representation that Mr. Davila was trying to turn himself around and clean up any prior drug use that he might have had. And just on the final point about the remand that the government has agreed to, I think it's important that the government believes that any remand should be narrowly limited to simply amending the judgment that was entered rather than for a full resentencing. Back on the substance for a minute. What can you tell us about the disparity between the sentence of 60 months imposed on Rivera and the 108 or 106 imposed on Mr. Davila? Yes, Your Honor. There are two important differentiating factors. First is the criminal history. So Mr. Rivera did not have a criminal history, whereas Mr. Davila had three prior convictions, including a felony conviction that he was on parole for at the time of the offense. The second differentiating factor was the respective roles that Mr. Rivera and Mr. Davila had in the crime. The videos show that Mr. Davila was really the ringleader of the offense and was the perpetrator of some of the most significant abuse, whereas Mr. Rivera, while being an active participant in the crime, was less directly involved with beating and humiliating the victim here. Okay, thank you. Unless there are further questions, I'll rest on my submission. Thank you. In truth, Your Honors, I mean, I have to be realistic. There's only so much you can argue on a case. I will say this. The defendant clearly minimized his conduct to the probation officer, and that was corrected in the sentencing memo, and the judge at least recognized that when he was recognizing that the defendant had made commendable efforts to turn himself around over the two years that then followed. Again, I think the record is also clear. The judge did not consider, in rendering his sentence, the psychological condition of the defendant at the time the sentence was imposed because of his impairment on ecstasy, but that is just one factor. Whether or not that one factor is sufficient to move Your Honors to believe this sentence was shockingly high, I defer to Your Honors. Thank you. Thank you both. We'll reserve the decision. Have a good day.